# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HELEN M. UHLER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 06 C 3473 |
| BEACH PARK, LLC, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Before the court are defendants' motion to dismiss the claims against four defendants and plaintiffs' motion to strike. For the reasons explained below, defendants' motion is granted in part and denied in part without prejudice, and plaintiffs' motion is denied without prejudice as moot.

## **BACKGROUND**

Plaintiffs[1] bring this action against defendants[2] alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq., 42 U.S.C. § 1981 ("Section 1981", and 42 U.S.C. § 1982 ("Section 1982"). The complaint alleges the following facts, which are taken as true for purposes of the motion.

---

[1] Plaintiffs are Helen M. Uhler, The Fair Housing Center of Lake County, Paul Donovan, Robert Richards, and Steven Claiborne.

[2] Defendants are Beach Park, LLC d/b/a Beach Mobile Home Park, Bernard Williams, Peggy Williams, Richard Lipskin, Eric Hagen, Jason Hagen, James Soboleski, Deborah Soboleski, Mobile Home Park Investments, Inc., and Community Management Service, Inc.

On June 3, 1999, plaintiff Helen Uhler ("Uhler"), and her now-deceased spouse, submitted a down payment to purchase a mobile home (the "Property") in Beach Park Mobile Homes ("Beach Mobile"), a mobile-home park in Beach Park, Illinois. (Amend. Compl. ¶ 19.) Beach Mobile is either the assumed name of Beach Park, LLC ("Beach Park"), or a facility owned by Mobile Home Park Investments, Inc. ("MHPI").[3] (Id. ¶¶ 13, 14.) James Soboleski ("Mr. Soboleski") is the President, Secretary, and Owner of both MHPI and Beach Park. (Id. ¶¶ 9, 14.) Deborah Soboleski ("Ms. Soboleski") is the President, Secretary and Owner of Community Management Service, Inc. ("CMS"). (Id. ¶ 10.) Mr. and Ms. Soboleski reside at the same address in Des Plaines, Illinois. (Id. ¶¶ 9-10.)

On or about June 7, 2004, Uhler, through her agent, plaintiff Paul Donovan ("Donovan"), listed the Property for sale by placing it on a multiple listing service at an original asking price of $90,000. (Id. ¶ 22.) Approximately a week after the Property was listed, plaintiff Robert Richards ("Richards"), an African-American male, forwarded the listing to plaintiff Steven Claiborne ("Claiborne"), also an African-American male. (Id. ¶ 23.) After some negotiations, Claiborne agreed to purchase the Property from Uhler for $85,000. (Id. ¶ 24.) Claiborne subsequently persuaded

---

[3] The amended complaint is ambiguous on this factual matter. The court, for the purposes of this motion, and consistent with its obligation to construe the pleadings to do substantial justice, will assume that plaintiffs are pleading these facts in the alternative. See Fed. R. Civ. P. 8.

an investor, Mary Allwardt ("Allwardt") to obtain a line of credit to purchase the Property in her name and then convey the Property to Claiborne through a land-sale contract. (Id. ¶ 25.)

On or about July 2, 2004, Allwardt and Uhler entered into a contract which set forth the agreed upon terms, including the resale to Claiborne through a land-sale contract. (Id. ¶ 27.) Beach Mobile knew of and approved of the proposed sale from Uhler to Allwardt and the planned resale to Claiborne. (Id. ¶ 28.)

Bernard Williams ("Mr. Williams") and his wife Peggy Williams ("Mrs. Williams") were co-managers of Beach Mobile and employees of CMS. At some point prior to the closing of the Uhler-Allwardt transaction, Mr. Williams contacted Richards and informed him that Claiborne would have to complete a rental application. (Id. ¶ 29.) Beach Mobile did not require Uhler to complete an application prior to her purchase of the Property. (Id. ¶ 20.)

After Claiborne submitted a completed application, Mr. Williams informed Claiborne that he and Allwardt would have to fill out the application in person at Beach Mobile's office. (Id. ¶¶ 31-32.) Mr. Williams stated that "[w]e have to protect the image of the park" and that "[w]e cannot have people playing loud music, partying all night, and walking around with open liquor, guns or knives." (Id.) On or about the following day, Claiborne and Richards went to Beach Mobile's office. (Id. ¶ 34.) While Claiborne and Richards were present, Mr. Williams stated "[w]e

don't want people walking around with guns and knives and alcohol and drugs." (Id. ¶ 35.) Nonetheless, Claiborne completed the rental application and paid a $25 credit-check fee. (Id. ¶ 36.)

Plaintiff Paul Donovan ("Donovan") is a Realtor who was hired by Ms. Uhler to list her home for sale. (Id. ¶ 6.) On approximately July 27, 2004, three days before the July 30, 2004 closing date for the Uhler-Allwardt transaction, Beach Mobile notified Donovan that Claiborne's application was denied "for credit reasons." (Id. ¶ 37.) Neither Donovan nor Claiborne received a copy of Beach Mobile's rules and regulations, an explanation of its application criteria, or a justification beyond "credit reasons" for denying Claiborne's application. (Id. ¶ 39.) Mr. and Mrs. Williams stated that it was Beach Mobile's policy not to hand out its rules and regulations until closing of the sale. (Id. ¶ 40.) Mr. and Mrs. Williams further stated that neither of them made a decision without the approval of Debbie Soboleski ("Ms. Soboleski") or Eric Hagen ("E. Hagen"). (Id.)

After Beach Mobile denied Claiborne's rental application, the contract between Uhler and Allwardt lapsed, as did the agreement between Allwardt and Claiborne. (Id. ¶ 41.)

Uhler subsequently contacted Patricia Konicki ("Konicki"). Konicki is the director of the Lake County Fair Housing Center, a not-for-profit corporation located in Waukegan, Illinois. (Id. ¶¶

5, 42.) On or about August 9, 2004, Konicki conducted an initial interview of Uhler. (Id. ¶ 42.)

On or about May 2005, Konicki and Donovan, two Caucasian-Americans, visited the Beach Mobile office in order to obtain a rental application on behalf of an alleged prospective buyer. (Id. ¶ 43.) Beach Mobile, without asking any questions about the prospective buyer, provided Konicki and Donovan with a rental application and detailed information concerning Beach Mobile's application criteria. (Id. ¶ 44.)

Plaintiffs filed suit on June 27, 2006 and filed an amended complaint on July 6, 2006.

On October 3, 2006, defendants Mr. Soboleski, E. Hagen, Jason Hagen ("J. Hagen"), and MHPI filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Affidavits from Mr. Soboleski, E. Hagen, and J. Hagen were attached to defendants' motion as exhibits. On the basis of the facts asserted in the affidavits, defendants' motion maintains that MHPI is not a proper defendant because it did not own or manage Beach Park. (See Def. Mem. Dismiss at 2.) Defendants' motion further contends that Mr. Soboleski, E. Hagen, and J. Hagen should be dismissed from the case because: (1) they did not personally engage in any wrongdoing and (2) vicarious liability premised upon respondeat superior attaches to the corporation, not its officers and owners. (See id. at 2-3.) Plaintiffs subsequently filed a motion to strike the affidavits

attached to defendants' motion on the basis that the affidavits are improper under Illinois law and are inconsistent with Rule 8's notice-pleading requirements. (Pl. Mot. Str. at 2.)

## DISCUSSION

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sci., 167 F.3d 1170, 1173 (7th Cir. 1999).

Ordinarily, a district court may consider only the plaintiff's complaint on a Rule 12(b)(6) motion. See Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002). When additional evidence is attached to a motion to dismiss, a district court must either convert the 12(b)(6) motion into a motion for summary judgment or decline to consider the documents attached to the motion to dismiss. See, e.g., Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998).[4]

---

[4] "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." Menominee Indian Tribe v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998). However, the affidavits attached to defendants' motion to dismiss and plaintiff's response were not referred to in plaintiffs' complaint and are not central to their claims.

The court declines to convert defendants' motion to dismiss into a motion for summary judgment for two reasons. First, the factual assertions in defendants' affidavits are better resolved after plaintiffs have had the benefit of discovery. See, e.g., id., 164 F.3d at 347. Second, the statements in defendants' affidavits were not made under penalty of perjury, and thus are inadmissible in a summary judgment proceeding. See, e.g., Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985)(citing 28 U.S.C. § 1746). The decision to convert a motion to dismiss into a summary judgment motion is committed to the discretion of the district court. Levenstein, 164 F.3d at 347. We see no reason to convert the motion to dismiss into a motion for summary judgment on the basis of the affidavits, only to subsequently exclude the affidavits for failure to conform to Rule 56 and 28 U.S.C. § 1746.

A.  The Amended Complaint Does Not State a Claim Against Mr. Soboleski or J. Hagen

The amended complaint, even when construed in the light most favorable to plaintiffs, does not state a claim against Mr. Soboleski or J. Hagen. The amended complaint does not allege that Mr. Soboleski or J. Hagen were personally involved in the allegedly-illegal acts, or that they reviewed, approved of, or condoned such acts. Rather, based on the allegations in the amended complaint, plaintiffs' only plausible theory is that Mr. Soboleski and J. Hagen are liable because they are owners and/or officers of Beach Park, CMS, and/or MHPI.

Supreme Court precedent teaches that the Fair Housing Act "imposes liability without fault upon the employer in accordance with traditional agency principles, i.e., it normally imposes vicarious liability upon the corporation but not upon its officers or owners." Meyer v. Holley, 537 U.S. 280, 282 (2003). Meyer further teaches that "traditional agency principles" would be applied to plaintiffs' Section 1981 and Section 1982 claims because neither provision expresses an intent to override the "legal background of ordinary tort-related vicarious liability rules." Id., 537 U.S. at 282 (collecting numerous cases).

"[W]hen traditional vicarious liability principles impose liability upon a corporation, the corporation's liability may be imputed to the corporation's owner in an appropriate case through a piercing of the corporate veil." Meyer, 537 U.S. at 291. However, the pleadings, even when construed in the light most favorable to plaintiffs, do not support piercing of the corporate veil. See, e.g., Sea-Land Servs., Inc. v. The Pepper Source, 941 F.2d 519, 520 (7th Cir. 1991) (discussing standard for "piercing the corporate veil" under Illinois law).

The claims against Mr. Soboleski and J. Hagen will be dismissed without prejudice, with leave to the plaintiffs to file an amended complaint against these defendants within thirty (30) days if they can do so consistent with the requirements of Fed. R. Civ. P. 11.

B.   The Amended Complaint States a Claim Against E. Hagen and MHPI

Defendants' motion is denied with respect to E. Hagen and MHPI.  Plaintiffs have made sufficient allegations as to E. Hagen's liability to survive a motion to dismiss.  The amended complaint alleges that Mr. Williams's acts violated the Fair Housing Act, Section 1981, and Section 1982, (see, e.g., Amend. Compl. ¶¶ 29, 32-33), and further alleges that "neither [Ms.] Williams nor [Mr.] Williams made a decision without the approval of [Ms.] Soboleski or [E.] Hagen."  (Id. ¶ 40.)  This paragraph contains sufficient allegations that E. Hagen exercised control over Mr. Williams's acts.  Defendants are correct that Meyer teaches that a supervisor is not automatically liable for the acts of its supervisees.  See id., 527 U.S. at 282.  However, the amended complaint alleges that E. Hagen actually controlled Mr. Williams's actions (see Amend. Compl. ¶ 40), and an allegation of actual control is sufficient to state a claim.  See Meyer, 527 U.S. at 288.

The amended complaint also states a claim against MHPI.  Paragraph 14 alleges that "[MHPI] or [Beach Park] was, at all relevant times the owner or holding corporation of [Beach Mobile]."  (Amend. Compl. ¶ 14.)  Under Meyer, MHPI, as the owner of Beach Mobile, may be vicariously liable for its agents' violations of the Fair Housing Act.  Id., 537 U.S. at 282.  Defendants apparently concede this point (see Def. Mot. Dismiss ¶ 2) but dispute plaintiffs' factual assertion that MHPI owns Beach Mobile.

Defendants' argument is not well-taken at this juncture because a motion to dismiss tests the legal sufficiency of the complaint, not the accuracy of the facts asserted therein.

## **CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss are granted in part and denied in part. The motion to dismiss as to the defendants E. Hagen and MHPI is denied. The claims against defendants J. Hagen and J. Soboleski are dismissed without prejudice, with leave to file an amended complaint by January 22, 2007. Plaintiff's motion to strike is denied as moot.

DATE:        December 22, 2006

ENTER:       _____
             John F. Grady, United States District Judge